Good morning honorable judges. I'm Nicholas Riemel. I'm the attorney for William Crawford. Bill Crawford has been an employee of the Board of Health since 1976. Next year there will be 40 years. The sole issue on this appeal is whether he had sufficient employment protection under Michigan state law to have a property right for purposes of procedural due process. He's been the health officer, he was the health officer from 1998. A county is required by Michigan statute to appoint a health officer but that's it. There's nothing in the statute nor in any other applicable law, etc. that governs or restricts the terms of employment or explains what the nature of the employment is. Just by way of organization, the Health Department itself had three divisions. There's an administrative, personal health, and environmental health division. Above those three divisions is the health officer. As a money-saving measure, sometimes they have the health officer serve as one of the heads of the divisions. Mr. Crawford was duly appointed as both the health officer and the head of the environment. Who appoints him? The Board of Health of the Benzie Leelanau District Health Department Board of Health. I'm calling them the Board of Health. Is that an elected body? They are an elected body. Who elects them? The county? Actually, I take that back. I believe that board is appointed by the county board. So there's a county board of health and then there's districts within the county? Right. In the District Board of Health, those people are appointed by the county board which is elected by the people. In 1998, the minutes reflected that Bill Crawford was hired into that dual role of the health officer and environmental health director. The minutes from that meeting use the terms from promoting within the department. They use the terms hiring and appointment interchangeably. There's no oath of office. He's of course not elected. The minutes just say Bill Crawford will be doing both jobs for the salary stated. Now there's a sufficient factual dispute as to whether he was something more than an at-will employee to entitle him to due process protection in those dual roles. And that comes from the 2012 Official Act by the board. The minutes state in relevant part, administration present, William Crawford, health officer and environmental services director. They state as their official act, it was moved to go into closed session at the request of William Crawford, the health officer and an employee of the Benzie Leelanau District Health Department to consider charges against him. It was moved to remove him as health officer and demote him to a sanitarian as a point eight employee. And they further moved to include this factual basis, and this is very critical, that the department's personnel policy provides that an employee's employment may be terminated if that employee's job related services are not satisfactory. That the department's sexual harassment policy provides that an employee who violates that policy is subject to discipline. And they go on to describe their factual findings in great detail. They find that the actual reasons that they use for firing him demonstrate that he has a property interest? That's a little incoherent, isn't it? If somebody has no property interest and then they fire him and they use some reasons that those reasons give him a property interest? Well, it's an official act of the board and by that official act they covered by the policy. And that's what I'm focusing on. The issue wouldn't be whether they think he's covered by the policy, the issue would be whether he has an interest in staying in the job unless he commits certain kinds of violations of some standard, right? I see, yes, I understand. So if that exists, then he gets due process to determine whether he's violated that standard. But it's also possible that it doesn't exist and they can fire him for whatever reason and they say, well, the fact that he didn't do this is the reason we're firing him. Then he wouldn't have a property interest, right? It all comes down to whether he's really... Am I thinking about it correctly? Doesn't that sound right? If I understand the court's question, it comes down to whether there's a factual question as to whether he is an employee covered by that personnel policy. And by finding that he was an employee under the... I'm having trouble seeing how that's a factual question in the first place. I mean, you look at the policies, he's either covered or he's not. Well... And the fact that they apply it against him doesn't mean that it's something that was one of the conditions for his employment. It might, but it might also mean that it was just what they decided to use when they exercised their unlimited discretion to discharge him. I understand the court's question now. I believe that that's a factual issue for the jury because that policy is capable of two reasonable interpretations. And one is the interpretation that the board found when it made this official act in 2012 is that he was an employee and he was covered by that policy. Now they argue, for example, that he's not covered by the policy for a couple of reasons. They say because it's the health officer who has to, you know, interpret that policy, etc. Second important issue is that they concede that in his dual role as environmental health director, that he was in fact covered by that policy. That's not even an issue. So we know that at least in that 50% appointment, he's covered. And there's a couple cases I think... The problem I have with your position is even if I accept your dual employment theory, and that as the environmental health officer, he is a satisfaction employee. And that's what paragraph 16.3 says, that the department has adopted a satisfaction standard for continued employment instead of at will or just cause. Now my problem with your constitutional claim of a property interest, I can't find any case that says that someone who is employed on a satisfaction basis has a property interest in continued employment. If you can find me such a case, I'd like to see it. That's... I understand the court's question. That is true if it's a true satisfaction standard. Okay, you agree with me that there is no constitutional property interest for satisfaction employees? May I approach the court's question... You can just answer yes or no if you can. If he's a true satisfaction employee, that's true, but the facts of the policy show that he's not, because it ends in a binding arbitration process. Okay, well, alright. So the only way you get out of that is by the arbitration. But you can have arbitration even for just cause, can you not? Because you cannot be discharged for a reason that violates law. Even if you are a just cause employee, if you're discharged because of your race or your sex... I mean, even if he's at will. Even if you're a just cause employee, you still get arbitration. Even if you got arbitration, you could arbitrate those matters, could you not, that violated law? It's not possible to arbitrate a satisfaction standard, because the very definition of a satisfaction standard, and that goes in the Maher case, which is the Michigan Court of Appeals case... Well, it's good faith. The employer still has to determine that their performance was not satisfactory in good faith, right? Exactly, the employer determines it. And what I'm arguing is that a true satisfaction standard is where the employer has reserved in itself the final decision. Because then I would agree with the court that if there was a true satisfaction where the employer has reserved that decision for itself, then there's no property interest. But when you have relinquished that decision to a three-person arbitration panel, we cited many, many cases that says that that's just cause. Why wouldn't you arbitrate, even under a satisfaction standard, that the discharge violated law because even though you said that you discharged me for insatisfactory performance, the real reason was because of the color of my skin or because of my gender. You don't think that's subject to arbitration under this personnel policy? Well, that's a really interesting question. I do a lot of labor arbitrations, and generally those kinds of discrimination things are outside the arbitration process. I've had cases where I've had employees who are claiming discrimination, but the arbitrators won't deal with the discrimination. And unless it's explicitly in there, I think the Penn Plaza case, the U.S. Supreme Court deals with that. So what'll happen is the arbitrators only deal with just cause. We've cited lots of cases in here that says... This doesn't say that, does it? I mean, that's your other argument, is that there aren't any standards for the arbitration. And if there aren't any standards, I would assume that you could arbitrate these other matters, that's all. Well, the one thing it does say is that the decision is made by the arbitration panel and not the employer. And by that definition, it can't be a satisfaction contract because the employer has relinquished the decision. The employer leaves it up to somebody else. If you think of this as a continuum... I want to make sure you finished your... Oh, go ahead. I would think good faith would be a factual issue that would be subject to arbitration. That is something that you would want to try or affect to adjudicate if that is the contention, that I'm a satisfaction employee. However, this decision was not made in good faith, which is required under Michigan law for satisfaction employees. And therefore, I want to arbitrate that factual dispute, and that factual determination by the arbitrators will be binding. I don't know why that wouldn't be arbitratable. Every case we uncovered in the brief demonstrates that when you have arbitration, it implies a just cause standard from all over the country, that you can't arbitrate the employer's discretion. I wanted to ask something about that, but I want to make sure you're finished. And I think it's capable of two. My question is this. Yes, Your Honor. I'm having trouble with the constitutional procedural due process idea that if you grant a procedure, you have created a property interest. That's backwards. You can have no property interest and then say, but we want to have a hearing to see whether you did X. And we want to have lawyers. We want to really lawyer up this hearing so that we can knowledgeably exercise our free discretion whether to fire you or not. Why couldn't you have, you could have that under procedural due process law, right? So that's why I'm questioning the idea that because there's some right arguably to an arbitration or some other procedure, that that means there's a due process interest protected. That's backwards. You have to have that if there is a due process interest, but it doesn't mean that you can't have it if you don't have a due process interest. It just doesn't follow, does it? I think it does go both ways. I see I have 14 seconds, but I think that a lot of the cases do look at the procedures that are in place to determine if a person has a property interest. We've said that isn't enough. It might suggest that that's what they intended in an ambiguous case, but it's not enough by itself. And I would just leave it at that. It's capable of two reasonable interpretations, and I believe your honors have posted the question that it's the one side. I'll save the next three minutes for rebuttal. Well, I guess the final point is we're deciding his status as an employee under Michigan law. Right. And Michigan law does still have the Toussaint case on the books. However, it's been substantially restricted since those days. There's now a presumption that the employment is not for just cause, that the plaintiff has to rebut. So you say, well, there are arguments both ways. Have you rebutted the presumption? Under Michigan law, if you picture it as a continuum and you put out will at one end and just cause at the other. Satisfaction in the middle. Somewhere in the middle. Satisfaction doesn't get you to a constitutional property interest. Not if it's a satisfaction where the employer has the final say. But if it's a satisfaction where you've relinquished that to a third party, by definition, it's not at will anymore. It's not satisfaction because it's out of the employer's hands as to who decides to terminate the employee. In Michigan cases, to that effect, they're what? Well, they talk about that. Talk about it. Well, Maher holds that that's what a satisfaction standard is. And we're glorifying form over substance if you use the term satisfaction to trump the fact that the employer's not making the final decision. If a three-panel arbitration person is going to decide what? That the employer did the right thing? You don't have any Michigan cases that show that a satisfaction contract in these circumstances with an arbitration transforms it to a just cause employment, do you? Well, what I do have is a lot of cases in the brief that say when you have binding arbitration, that is by definition a just cause standard because there's no other way to say it. There's many, many pages in that brief where the cases from all over the country say you can't possibly put a case in binding arbitration that is satisfaction contract. And I believe there's at least one that is cited in the brief, and it may be the Payne-Weber case that talks about that. It hasn't been decided strictly in this circuit, but what I would urge this panel to do is not glorify the form over the substance. What the Rood case says is that if it's reasonably capable of the dual interpretations, it's a factual question. Your time is, we'll let you have your full. Appreciate it. Thank you, Your Honor. Morning. Morning. How are you this morning? I'm Lisa Bogler. I'm here on behalf of the Benzie-Lelanau District Health Department and the individual board members. It strikes me that my argument in reference to the bootstrap has been immediately picked up by you, Judge Rogers, in that it's not what you do on the back end. It's what happened on the front end that's significant to the status of this particular individual's position at the health department. He was appointed by an elected board. Oh, so this is incorrect, what he's saying, that they're appointed? They are an elected board. Who elects them? The taxpayers of both Benzie County and Lelanau County. Two counties together, is that the idea? Yes, sir. And they are commissioners. They are elected commissioners who make up this board. They are appointed by their respective boards to this board. Is this parallel to what happens in other counties in Michigan? Yes. And in those, as a matter of general practice, are people in that position comparable to his that are appointed by the board? Are they replaced when the board is not satisfied with them, just we found somebody better to do the job? I don't have familiarity with the internal workings of other health departments. I do know that the statute controls, that the statute is the health board has the duty to appoint a health officer for an indeterminate term. Indeterminate term. There is one board cannot bind, according to Michigan law, subsequent boards. So by definition of the statute, it controls the appointment of the health officer. The changeover in every board can cause the termination or continuation of that position by one individual. I'm trying to get some feel for whether they can, like many boards and many organizations, if they don't like the CEO, they fire him just because it doesn't, that seems to be the normal general situation. Is there anything different about this? No. No, that's exactly. Really, whether they're elected or isn't, whether the board is elected, it's whether the structure is one where they can just say, you know, we'd rather have somebody else running this thing. That's right. The composition of the elected board dictates the political environment that thereby dictates whether or not a particular health officer is going to be continued in that position. And Mr. Crawford testified that way when I asked him. I said, in fact, after every bi-weekly or bi-monthly board meeting, did you not come out of those board meetings and say, well, I still have a job? And he said, yeah, I did say that. So he has admitted not only that the statute controlled his appointment, that his appointment was for an indefinite term, which by Michigan law is at will. If it's an indefinite term, it's at will. And his attorney admitted at the December 7, 2012 name-clearing hearing that Mr. Crawford was at will. So now we have a statute that says he's at will, we have his own admissions that say he's at will, and we have his attorney's admissions that he is at will. So his status under Michigan law is a question of law. We don't get to a question of fact. If it's a question of law, all these concessions are really not the point. No, his status is a question of law, meaning he acknowledges that status, was my point in referencing the admissions. I'm with you in regard to his position as the health officer. However, I'm inclined to agree with the plaintiff that he's got dual employment here, that he's not only the health officer, he's also the environmental health director because he was hired separately for that position and he was discharged separately for that position. And my review of the personnel policy indicates that that position of environmental health director is covered and that he's a satisfaction employee for that position. Now, what's wrong with that? The fault with that, Your Honor, is simply that he was not the environmental health director. He was absorbing the duties of the environmental health director, which by virtue of his position as health officer, he had supervisory role over anyway. Wasn't he separately hired and fired for that position? I mean, as opposed to you are hereby hired as the health officer, and as the health officer you will assume the duties of the environmental health director. I mean, that's your argument. That would seem logical, but the record seems to be that he is actually separately hired and fired in the position of the environmental health director. Am I wrong with the record on that? The contents of the minutes in the board meeting that happened on June 26th was a reflection of how do we handle this situation. Jim Young, the attorney for the board, admitted in his answers to interrogatories that he did not at that point in time make a distinction between the appointed position as health officer and the use of the term employee in the board's decision-making process. He, in fact, in his interrogatories, which are part of the record, said that regardless of whether or not that was a fault on his part or not, that doesn't change the fact that Mr. Crawford was the only salaried employee, the highest-ranking administrative official in the health department, and he was the health officer. Now, if you look at the personnel policy, you will see that the personnel policy does not contemplate that the health officer is subject to the terms and provisions of the personnel policy. There's other cases that I cited that say that exact same thing. FETCHO v. Township of Grosse Ile, Bailey v. Floyd County... I'm with you. You don't have to argue against me on that one. Okay. But wasn't he separately hired for the position of the environmental health officer and separately terminated for it or not? He was not. I agree with you that he was... It's not in the minutes? I'll review the minutes again. The minutes may... Well, he wasn't... Hey, do you know what they say or not? I do. What do they say? They say that he was demoted. He was demoted from his position as health officer to sanitarian. He was demoted. He was not terminated. So going back to the provisions of the personnel policy, which the plaintiff is trying to rely on, those provisions do not cover the health officer. That is very clear. The health officer interpreted and applied the personnel policy. He was not subjected to it, nor was his... Would they apply if someone else were in that subordinate position, the duties of which he was fulfilling? I'm sorry. What was the first part of your question? Would they apply if someone else was in that position for which he was performing the duties? If that person was hired and filled the role solely of director of environmental health, I would agree with that. So why isn't that? I think Judge Griffin's question is why isn't he in all respects like that? For the same reasons that Judge Bell ruled, which is that he was paid an hourly wage as a director of environmental health. Then when he was appointed by the board as health officer, he was paid a salary. So there's no dual role here. There's one position he held. He held both positions. He just held the one position and did the duties of both positions. That's exactly right. Others, and Mr. Crawford testified when I asked him that question, are you familiar with this absorb duties to save money of the health department? Oh, yes. Yeah, I'm familiar that other health officers do that. In fact, when Mr. Crawford was demoted, the individual who filled the health officer spot for a brief period of time was the director of personal health. She fulfilled the duties of the director of personal health while she was the health officer. Do you agree that someone else who had been appointed to that position, because I guess there's two other comparable positions in there, right? There's like three immediately subordinate positions. Yes, but they're not appointed positions. Well, they're put into that position somehow. They're hired by the health officer. Is there a property interest with respect to those jobs? No. Because satisfaction is just the same as that will for property interest purposes? According to the language in 15.3 in the personnel policy, the satisfaction language controls. But you also notice if you look at that language, it mentions specifically that there is an indeterminate term that goes along with that satisfaction language. You could have an indeterminate term and still have four cause, I suppose, but you're saying that even if we accept the idea that he was hired into that position, which you say is contrary to the record, as a dual appointment kind of thing, that it still would not be a property interest because satisfaction employment is not enough by itself to raise property interest. Is that correct? Yes, I believe that's correct. What's causing you to hesitate? Well, because I'm trying to just cause. In the case law, long history from Tucson forward, it says just cause, just cause, just cause, just cause. Judge Griffin pointed out there's no case that can be cited that says a satisfaction contract. Well, if you look at Tucson, they distinguish the just cause from a satisfaction contract. It's right in the Tucson opinion. It is. This is not a satisfaction, and they go ahead and say that there will be a reasonable expectation for continued employment, an implied contract, if a just cause, and they say there are other contracts that are not this, and they cite at will and they cite satisfaction. I mean, so Tucson itself says satisfaction is not covered. I agree. Okay. I agree. That's the way I read it. That would be a different way you could have answered Judge Griffin's question, is to say even if he is in the position as if he were appointed, it's merely a satisfaction standard, which for procedural may be different, somehow subtly different in Michigan law, but it's still treated for U.S. constitutional purposes the same as at will. Does not rise to the level. Is that your position as well? Pardon me? Is that your position as well? Yes, yes. And let me, while we're on that discussion, let me mention that in regard to the arbitration clause and the plaintiff's argument that somehow he wants to combine the satisfaction language with the right to an arbitration, he waived it. He waived it. In fact, I don't see how whether he waived it or not has to do with whether he has a property interest or not. We're just using that procedure to give whatever hints it might give to whether this is a protected interest or not. Okay. Even if you assume there's a protected interest, when there is not with the satisfaction language, the arbitration clause does not get it done because he waived the arbitration clause. So there's step upon step upon step where the plaintiff has admitted what his status was. He can't create this bootstrap after the fact that he's both this dual employment role, even if you accept the dual employment role, he's still at a satisfaction contract. The board said he didn't perform satisfactorily. They have the sole discretion to make that call. And then even if you accept that argument and he was entitled somehow constitutionally to an arbitration, he waived it. So all the way down the pike, there's factual and legal issues that stop him. Stop, stop, stop. I understand your position. Further questions? Thank you. Thank you. Mr. Romel. Thank you. Your Honors, I'll be very brief. One, the minutes from when Mr. Crawford was appointed state specifically, motion, support that the Board of Health appoint Bill Crawford to the position of Health Officer and Director of Environmental Health at the salary of $58,000 beginning January 1, 1999. Second, to clarify. How about the resolution discharging him from that position? Yes. I guess I wasn't aware. He's got a different position now. Is that it? He is demoted to sanitarium. Okay. So he was discharged from the two positions, but he's still working there. Yes. Now, the final, the resolution terminating his position or discharging him as the Health Officer, did that resolution also include the termination of the Environmental Health Director? They never discussed it. Well, he's not the Environmental Health Director anymore, right? Correct. But the resolution said only Health Officer. Okay. And I guess the final thing is if he were entitled to arbitration, why didn't you demand arbitration? Because you didn't. Well, that's a good question. He had five days to demand it from the written decision of the Board. The Board had never issued a written decision. So you could argue that way. I don't think that's really controlling here. No, but I'm just asking you, why didn't you demand arbitration? And the Board made it clear in discovery that he had no appeal rights, that this is the end of the line, what they said goes. I did mention that Payne-Weber case. Why didn't you demand arbitration? Me personally, I was involved well after that five days. Why didn't your client demand arbitration? I don't know. He felt because the Board said this is the final decision, and he felt that that was the final decision. That's what he testified to in his deposition. Well, if he has a constitutional property interest as a prerequisite to that, he has to exhaust his administrative remedies, does he not? And one of those is the arbitration. Right. And in this case, that is not triggered until the Board issues a written decision. So if he's going to be hung up on that, that has to be the prerequisite because he'd get a written decision, then he'd be able to go to an attorney and say, well, what do I do with this written decision? Remember, we have both the pre- and the post-termination. I want to mention two real quick things. Minutes aren't a written decision when the minutes are clear? We didn't even get the minutes until months afterward. Well, that's a written decision, is it not? I mean, that's written down, a decision. You could argue that. If you're arguing that the five days aren't triggered until you get something in writing. I agree with Your Honor. Once the minutes are there, you've got the five-day clock going, right? You could certainly argue that. The minutes were obtained from a FOIA request. They weren't really provided to him. I mean, if that's control, I'm not sure that's what would be controlling this. I'm just going through all these hoops. I agree. You've got a constitutional claim under 1983 for a property interest, and they've got all these defenses down the line. I'm thinking you get through this hoop, this hoop, this hoop, and the last one is exhausting your administrative remedies, and you don't even really have much of an argument there. I don't know how you prevail, that's all. Judge Griffin, ultimately that is something that is a question in this case. I can't give you a perfect answer. We'll decide. Exactly. But I would say if you're going to hoist them by that petard, then you've got to hoist the board by their own petard, which is if you read that policy, what they have to do, they did not do. And I've even thought about the fact that you could say, why not just remand this for an arbitration hearing? I mean, that would be one thing that a court could do conceivably. Thank you for your time. I'm going to raise two very fast points, if I may. 30 seconds. You get 30 seconds. Okay. The Payne-Weber case specifically says the binding arbitration process necessarily alters the employment relationship from at will to something else. Otherwise, an arbitration panel has nothing that they're called on to do. The second thing is there's an incorrect statement of law in the brief. The board talks about that it's unsettled in Michigan whether a public employee has Toussaint-type rights, and they do. That was settled in the Manning case. That's clearly established rights for over 20 years. Thank you. I appreciate the panel. Thank you. The case will be submitted. Please call the next case.